UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GINA THOMPSON and KAREN MCCABE, )
on behalf of themselves and others )
similarly situated, )
)
      Plaintiffs, )
)
v. ) No. 4:15CV404 RLW
)
CITY OF ST. PETERS, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Consolidate Actions (ECF No. 46). Also pending are Plaintiffs' Motion for Extension of Time to Complete Discovery (ECF No. 51) and Motion to Extend Deadlines Set at the Rule 16 Conference (ECF No. 70). The motions are fully briefed and ready for disposition.

Plaintiffs Gina Thompson and Karen McCabe ("Thomson Action") filed this putative class action suit in the Circuit Court of St. Charles, Missouri on January 15, 2015 against Defendants City of St. Peters, Missouri ("St. Peters"), Redflex Traffic Systems, Inc. ("Redflex"), and Does 1 through 24. (Class Action Pet., ECF No. 4) Defendants removed the action to federal court on March 4, 2015. The Thompson Action pertains to the use of red light cameras in Defendant St. Peters pursuant to a St. Peters ordinance. On August 25, 2015, Plaintiffs Jacob Blair and Sarah Blair ("Blair Action") filed a Class Action Complaint against Defendants City of Hannibal ("Hannibal"), Redflex, and Does 1 through 24. *Blair v. City of Hannibal*, No. 2:15CV00061 ERW. Plaintiffs filed an Amended Complaint on November 16, 2015. *Id.* The

Blair Action pertains to the use of red light cameras in Defendant Hannibal pursuant to a Hannibal ordinance.

Plaintiffs in the Thompson Action now before this Court filed a Motion to Consolidate Actions, arguing that the Thompson Action and the Blair Action involve common questions of law and fact because the alleged violations are virtually identical; the ordinances in both cities raise numerous identical or substantially related questions; and the agreements that Redflex entered into with St. Peters and Hannibal are substantially the same. Defendants filed responses in opposition, and Hannibal also filed a memorandum in opposition to Plaintiffs' motion.

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and allows the Court to consolidate cases "[i]f actions before the court involve a common question of law or fact . . . ." Fed. R. Civ. P. 42(a)(2). The district court has broad discretion in ordering the consolidation of actions. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). The threshold question is whether the proceedings involve a common party and common issues of law or fact. *Id.* "The purpose of consolidation is to foster convenience and economy in administration. *Emcasco Ins. Co. v. Innsbrook Corp.*, No. 4:10-CV-339 CAS, 2010 WL 4869126, at *2 (E.D. Mo. Nov. 23, 2010) (citation omitted). "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions . . . and a district court must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) (quoting *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1361 (2d Cir. 1975) (internal citation omitted)).

Here, Plaintiffs have failed to demonstrate that consolidation is appropriate. The Plaintiffs are different in each case, and they allege different causes of action against different

2

Defendants.[1] While Defendant Redflex is similar to both cases, the Court notes that the cases involve two different cities in Missouri that have enacted different red light camera ordinances. The differences are particularly apparent now, as the only count remaining in the Blair Action is for declaratory judgment and injunction pertaining to the Hannibal ordinance. Although Plaintiffs assert that discovery will overlap, especially with regard to Redflex, the discovery for the claims arising in St. Peters and stemming from the St. Peters ordinance will be separate from discovery pertaining to the Hannibal ordinance, which could delay the resolution of the cases. *See Mangold v. Lincoln County*, No. 4:10CV1991 RWS, 2011 U.S. Dist. LEXIS 50464, at *3 (E.D. Mo. May 11, 2011). In short, the Plaintiffs in the Thompson Action have failed to meet their burden of demonstrating that the factual and legal issues in both cases are sufficiently common to warrant consolidation.

Further, the Court finds that, in light of the pending motions for judgment on the pleadings and for summary judgment, as well as the fact that all but one count has been dismissed in the *Blair* case, judicial efficiency is best served by deciding the pending motions prior to any consolidation. *See, e.g., Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (finding motion to consolidate premature in light of pending motions to dismiss); *Evans v. Int'l Paper Co.*, No. 11-0214, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) (same). Likewise, because the pending motions are fully briefed, the Court will deny Plaintiffs' Motion for Extension of Time to

---

[1] In the Thompson Action, Plaintiffs assert claims for declaratory judgment; unjust enrichment; violations of the Missouri Constitution; abuse of process; unauthorized practice of law; and money had and received. (Pet., ECF No. 4) The Amended Complaint in the Blair Action asserts claims for declaratory judgment and injunction; a violation of Plaintiffs' constitutional rights; unjust enrichment; abuse of process; civil conspiracy; aiding and abetting; unauthorized practiced of law; and money had and received. On April 13, 2016, U.S. District Judge E. Richard Webber dismissed all but Count I for declaratory judgment and injunctive relief in the Blair Action. *Blair v. City of Hamilton*, No. 2:15CV00061 ERW, ECF No. 38.

3

Complete Discovery and Motion to Extend Deadlines Set at the Rule 16 Conference (ECF Nos. 51, 70) The Court notes that the Case Management Order set deadlines only through the summary judgment stage and indicated that the Court would set another Rule 16 Conference following ruling on the summary judgment motions.[2]

Accordingly

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Consolidate Actions (ECF No. 46) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Extension of Time to Complete Discovery (ECF No. 51) and Motion to Extend Deadlines Set at the Rule 16 Conference (ECF No. 70) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant City of St. Peters, Missouri's Motion for More Definite Statement and/or to Strike (ECF No. 22) is **DENIED.** Defendant shall file an Answer to the Petition no later than May 2, 2016.

Dated this 21st day of April, 2016.

                                                                        _Ronnie L. White_
                                                                        **RONNIE L. WHITE**
                                                                        **UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs contend that they have filed a Motion for Leave to File an Amended Complaint. To the extent that Plaintiffs are referring to an alternate "request" in their response to the motion for a more definite statement, the Court notes that the request is not in compliance with Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri and is not a motion properly before this Court. Although the Court had not previously ruled on St. Peters' Motion for More Definite Statement, St. Peters was able to prepare and file a Motion for Summary Judgment based upon Plaintiffs' Petition. Therefore, the Court will deny St. Peters' motion and direct it to file an Answer. *See* Fed. R. Civ. P. 12(e) (allowing a party to move for a more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response).