UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA THOMPSON and KAREN MCCABE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. PETERS, et al.,<br><br>Defendants. | No. 4:15CV404 RLW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant City of St. Peters, Missouri's Motion for Summary Judgment (ECF No. 57). The motion is fully briefed and ready for disposition.

## **I. Background**

Plaintiffs Gina Thompson and Karen McCabe ("Plaintiffs") filed a Class Action Complaint in this Court on March 4, 2015, against Defendants City of St. Peters, Missouri ("St. Peters), Redflex Traffic Systems, Inc. ("Redflex"), and Does 1 through 24 alleging that the red light camera program is unconstitutional. (Compl. ¶¶ 1-2, ECF No. 4) In their Complaint, Plaintiffs assert nine counts: (I) Declaratory judgment; (II) Unjust Enrichment against Defendant St. Peters; (III) Violation of Article I § 19 of the Missouri Constitution against Defendant St. Peters; (IV) Violation of Article I § 10 of the Missouri Constitution against Defendant St. Peters; (V) Unjust Enrichment against Defendant Redflex; (VI) Abuse of Process against all Defendants; (VII) Damages for Violations of Mo. Rev. Stat. § 484.010, *et seq.*, against Defendant Redflex; (VIII) Money Had and Received against Defendants by Subclass 1; and (IX) Money Had and Received against Defendants by Subclass 2. (Compl., ECF No. 4)

1

On February 16, 2016, Defendant St. Peters filed a Motion for Summary Judgment on all of Plaintiffs claims against the City. (ECF No. 57) Plaintiffs filed a response in opposition to Defendant's motion, asserting that genuine issues of material fact exist with regard to the allegations contained in the Complaint. (ECF No. 67)

This case stems from Ordinances allowing the automated enforcement of traffic regulations by using cameras at red lights to photograph traffic violations.[1] Plaintiff Thompson paid a $110.00 penalty after she received at least one Citation in the mail pursuant to St. Peter's Ordinance 335.095 around 2012 and/or 2013. (Compl. ¶ 13, ECF No. 4) Plaintiff McCabe paid a $110.00 penalty after receiving at least one Citation in the mail pursuant to St. Peter's Ordinance 335.097 in 2013 and/or 2014. (Compl. ¶ 14)

On June 8, 2006, the City of St. Peters adopted Ordinance No. 4536, which amended Section 335.095 of the City Code of the City of St. Peters, Missouri, entitled "Automated Enforcement of Traffic Control Signal Regulations." (Compl. ¶ 32; Def. St. Peters' Ex. A, 2006 Ordinance, ECF. No. 59-1) On November 7, 2013, the City adopted Ordinance No. 6014, which amended Section 335.097, entitled "Automated Photo Enforcement of Traffic Regulations." (Compl. ¶ 53; Def. St. Peters' Ex. B, 2013 Ordinance, ECF No. 59-2) Ordinance Nos. 4536 and 6014 (collectively "Ordinances") authorized the installation and operation of an automated red

---

[1] The Court views the facts in the light most favorable to the nonmoving party and grants that party all reasonable inferences. *Fercello v. County of Ramsey*, 612 F.3d 1069, 1077 (8th Cir. 2010) (citation omitted). However, under Local Rule 4.01(E) of the United States District Court for the Eastern District of Missouri, "[a]ll matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. L.R. 4.01(E). Here, Defendant has submitted a Statement of Undisputed Material Facts, which Plaintiffs have not specifically controverted. (Def. St. Peters' Statement of Uncontroverted Facts ("SUMF"), ECF No. 59) The Court will therefore deem those facts as admitted. *See Tramp v. Assoc. Underwriters, Inc.*, 768 F.3d 793, 799 (8th Cir. 2014) (finding no error in district court's application of similar local rule when ruling on a motion for summary judgment).

light enforcement system ("Camera System"). (Def. St. Peters' Exs. A & B, ECF Nos. 59-1, 59-2) These Camera Systems consisted of cameras and vehicle sensors working in conjunction with a traffic control signal to produce images and a video recording of a motor vehicle running a red light. (Def. St. Peters' SUMF ¶ 3, ECF No. 59) An officer employed by the St. Peters Police Department would examine the recorded images and determine whether the vehicle operator violated the City's Traffic Code. (*Id.* at ¶¶ 4-5) Upon filing an information, a summons would be served on the vehicle's owner. (*Id.* at ¶ 6)

Plaintiff Thompson received notices of violation and summonses for four separate violations of Section 335.095. (*Id.* at ¶¶ 7-30; Def. St. Peters' Exs. E-H, ECF Nos. 59-5 through 59-8) The citations included a court date, instructions how to access the photos and video footage online, and an option to pay the $110.00 fine in lieu of appearing in court. (Def. St. Peters' Ex. E, ECF No. 59-5) On all four occasions, Ms. Thompson elected to pay the fine. (Def. St. Peters' SUMF ¶¶ 12, 18, 24, 30)

Ordinance 6014 enacted new provisions related to the Camera System.[2] (Def. St. Peters' SUMF ¶ 33; Def. St. Peters' Ex. B, 2013 Ordinance, ECF No. 59-2) Plaintiff McCabe received a notice of violation and summons for an alleged violation of Section 335.097 that occurred on July 3, 2014. (Def. St. Peters' SUMF ¶ 34; Def. St. Peters' Ex. I, ECF No. 59-9) The citation included a court date, instructions on accessing the photos and video footage, and instructions for paying the $110.00 fine. (Def. St. Peters' Ex. I, ECF No. 59-9) Ms. McCabe paid the fine. (Def. St. Peters' SUMF ¶ 39)

---

[2] Ordinance 6014 removed the provision from the earlier Ordinance that assessed no points against the violator, which conflicted with state law. (Def. St. Peters' SUMF Ex. B, 2013 Ordinance, ECF No. 59-2); *see also City of St. Peters v. Roeder*, 466 S.W.3d 538, 548-49 (Mo. 2015) (finding the 2006 ordinance conflicted with state law by not assessing points but finding the remainder of the ordinance valid).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324.

## III. Discussion

In its motion for summary judgment, Defendant St. Peters first argues that all of Plaintiffs' claims fail to the extent they are premised on a red light camera enforcement system other than that utilized by St. Peters. Defendant next asserts that Plaintiffs' claims for money damages in Counts II, VIII, and IX fail because they are barred by the doctrine of sovereign immunity and the voluntary payment doctrine. St. Peters also avers that the claims for money damages for violation of the Missouri Constitution in Counts III and IV are not cognizable. Further, St. Peters contends that Plaintiffs' claim for declaratory judgment in Count I fails because Plaintiffs had an adequate remedy at law. Defendant additionally argues that Plaintiffs are precluded from raising constitutional claims in Counts I, III, and IV on the grounds of waiver and estoppel. St. Peters further maintains that the red light camera sections did not violate any constitutional rights or state law. Finally, St. Peters asserts that Plaintiffs' claim for abuse of process in Count VI fails because Plaintiffs have failed to present evidence that the City made use of process for some collateral purpose.

### A. Sovereign Immunity

Defendant St. Peters argues that it is entitled to judgment as a matter of law on Plaintiffs' claims for money damages because the claims are barred by the doctrine of sovereign immunity. "Under Mo. Rev. Stat. § 537.600, public entities enjoy sovereign immunity . . . unless immunity is waived, abrogated, or modified by statute." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009) (citation omitted). "A municipality has sovereign immunity from actions at common law tort in all but four cases." *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. Ct. App. 2009). These four exceptions include:

> (1) where a plaintiff's injury arises from a public employee's negligent operation of a motor vehicle in the course of his employment (section 537.600.1(1)); (2) where the injury is caused by the dangerous condition of the municipality's property (section 537.600.1(2)); (3) where the injury is caused by the municipality performing a proprietary function as opposed to a governmental function (*State ex rel. Board of Trustees of the City of North Kansas City Memorial Hospital*, 843 S.W.2d 353, 358 (Mo. banc 1993)); and (4) to the extent the municipality has procured insurance, thereby waiving sovereign immunity up to but not beyond the policy limit and only for acts covered by the policy (section 537.610).

*Id.* at 259. "When bringing claims against a public entity, a plaintiff 'bears the burden of pleading with specificity facts giving rise to an exception to the rule of sovereign immunity[.]'" *Wann v. St. Francois Cty., Missouri*, No. 4:15CV895 CDP, 2016 WL 866089, at *7 (E.D. Mo. Mar. 7, 2016) (quoting *Richardson*, 293 S.W.3d at 136-37).

Here, Plaintiffs contend that Defendant St. Peters is not entitled to sovereign immunity because it entered into a contract for profit with Redflex and acted as if it were a private corporation. Thus, Plaintiffs assert that the third exception applies in that St. Peters was performing a proprietary and not a governmental function. "Governmental functions are those performed for the common good of all unlike proprietary functions which are performed for the benefit or profit of the municipality as a corporate entity." *Blair v. City of Hannibal*, No. 2:15CV00061 ERW, 2016 WL 3682992, at *4 (E.D. Mo. July 12, 2016) (citation omitted). Further, "[e]nforcing laws and ordinances is a governmental function entitling municipalities to immunity from liability." *Id.* (citing *Gregg v. City of Kansas City*, 272 S.W.3d 353, 361 (Mo. Ct. App. 2008)).

The Court finds that the sovereign immunity doctrine applies to Plaintiffs' tort claims against Defendant St. Peters in this case. Plaintiffs request money damages under the theories of unjust enrichment in Count II and money had and received in Counts VIII and IX. "In examining the question of whether an activity is governmental or proprietary, the nature of the

particular defendant's conduct is often less important than the generic nature of the activity." *State ex rel. Bd. of Trustees of City of N. Kansas City Mem. Hosp. v. Russell*, 843 S.W.2d 353, 359 (Mo. 1992). Indeed, the focus is not on the motives of those performing the function but on the motives of the legislature that conferred the power upon the municipality. *Id.*; *see also Crouch v. City of Kansas City*, 444 S.W.3d 517, 523 (Mo. Ct. App. 2014) (same). "[F]unctions that are otherwise governmental are not transformed into proprietary functions merely because they generate a profit or are accompanied by a fee." *Crouch*, 444 S.W.3d at 524.

Here, St. Peters asserts, and the Ordinances demonstrate, that the Board of Aldermen enacted the law to "improve public safety by decreasing the likelihood of intersection accidents;" . . . "to protect the public health, safety and welfare of the residents of the city;" and . . . "to promote public safety through its implementation of safety programs which are proven to increase intersection safety and decrease the likelihood of intersection accidents . . . ." (Def. St. Peters' Ex. B, 2013 Ordinance, ECF No. 59-2) The earlier Ordinance contained similar language pertaining to reducing vehicle collisions and personal injuries from red light running, improving public safety, and enforcing public safety by implementing safety programs, including an automated red light enforcement system. (Def. St. Peters' Ex. A, 2006 Ordinance, ECF No. 59-1) Further, the Missouri Supreme Court in *City of St. Peters v. Roeder*, noted the board of aldermen's reasoning for enacting the 2006 Ordinance, which "was to authorize the installation and use of automated red light enforcement systems as a means to enforce its traffic law prohibiting the running of a red light." 466 S.W.3d at 548 (holding only the "no points" portion of the ordinance invalid).

Although Plaintiffs contend that "the ordinance is actually a revenue-generating scheme put into motion by the Defendants under the guise of legitimate municipal action," they provide

7

no further evidence or support for this argument. (Compl. ¶ 20, ECF No. 4) Indeed, Plaintiffs merely rely on previous allegations and unsupported conclusions to refute the language in St. Peters' Ordinances stating that they were enacted to promote public safety, which is a government function. Such conclusory allegations and unsubstantiated beliefs are insufficient to establish a material question of fact. *Robbins v. Becker*, 794 F.3d 988, 997 (8th Cir. 2015). As found by another court in this district, "[t]he generic nature of the activity at issue is governmental, and with absence of facts to suggest otherwise, the Court must conclude the red light program is a governmental function." *Blair*, 2016 WL 3682922, at *5. Therefore, the Court finds that Defendant St. Peters is entitled to sovereign immunity, as it was engaged in a governmental function, and Plaintiffs have failed to show that an exception applies. *Id.* As such, summary judgment in favor of Defendant St. Peters on Count II for unjust enrichment and Counts VIII and IX for money had and received.[3]

### B. Constitutional Claims

Next, Defendant St. Peters argues that Plaintiffs' claims for money damages for alleged violations of the Missouri Constitution in Counts III and IV are not cognizable. They also assert that Plaintiffs are precluded from raising these claims on the grounds of waiver and estoppel. Plaintiffs maintain that Defendant St. Peters violated their right to due process and right against self-incrimination under Article 1 of the Missouri Constitution, Sections 10 and 19, respectively. Defendant St. Peters asserts that Plaintiffs waived these claims and are estopped from presenting them now because they were not presented at the earliest possible moment, which was in the

---

[3] Defendant St. Peters also contends that the claims for damages are barred by the voluntary payment doctrine. However, because the Court finds that the doctrine of sovereign immunity applies, the Court will not address this argument.

municipal court. Plaintiffs respond that they did not have a reasonable opportunity to previously raise the constitutional objections because Plaintiffs were not given guidance as to how to dispute the violation.

"It is firmly established that a constitutional question must be presented at the earliest possible moment 'that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived.'" *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 612 (Mo. 1964) (quoting *Secs. Acceptance Corp. v. Hill*, 326 S.W.2d 65, 66 (Mo. 1959)). "'The critical question in determining whether waiver occurs is whether the party affected had a reasonable opportunity to raise the unconstitutional act or statute by timely asserting the claim before a court of law.'" *Edwards v. City of Ellisville*, 426 S.W.3d 644, 654 (Mo. Ct. App. 2013) (quoting *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 225 (Mo. 1998)).

Here, Plaintiffs contend that they did not have a reasonable opportunity to raise their constitutional claims because they did not receive guidance regarding challenging the alleged violations. Plaintiffs rely upon *Unverferth v. City of Florissant* in support of their proposition. 419 S.W.3d 76 (Mo. Ct. App. 2013), *overruled on other grounds by Moline Acres v. Brennan*, 470 S.W.3d 367 (Mo. 2015). In *Unverferth*, the Missouri Court of Appeals reversed the trial court's finding that the plaintiff waived her constitutional due process claims by failing to assert those claims at a municipal court proceeding. *Unverferth*, 419 S.W.3d at 88. The court found that the Notice of Violation did not contain a court date wherein the plaintiff could challenge the violation. *Id.* The court specifically held, "[b]ecause [plaintiff] has pleaded that the Notice of Violation failed to provide her with a court date, we reject the suggestion that her payment of the fine as directed by the Notice of Violation somehow constituted a conscious decision by [plaintiff] not to assert any defenses to the alleged violation." *Id.*

Defendant St. Peters argues, and the Court agrees, that the facts of the present case are distinguishable from *Unverferth* because Plaintiffs' Notices of Violation contained a court date and time to appear before the municipal court and also contained information that the alleged violators "may appear in court on your scheduled date to have the matter reviewed by the Municipal Judge." (Def. St. Peters' Ex. E, pp. 3-4, ECF No. 59-5; Ex. I, pp. 3-4, ECF No. 59-9) The Court finds this case is similar to *Edwards v. City Ellisville*, 426 S.W.3d 644 (Mo. Ct. App. 2013). In *Edwards*, the notices of violation issued by the City of Ellisville expressly informed the alleged violators how to obtain a court hearing to challenge the violation. *Id.* at 654-55. Alleged violators were told not to send payment if they desired to dispute the Notice of Violation. *Id.* Instead, the recipient of the notice could request a hearing in municipal court, after which time the court would schedule an arraignment and the car owner would receive notice of the time and date of the hearing. *Id.* at 655. The *Edwards* court distinguished the Florissant red light camera enforcement mechanism from the Ellisville Ordinance and Notice of Violation because Ellisville clearly notified the plaintiffs of their option to appear in court. *Id.* Specifically, the plaintiffs did not need to speculate as to how to challenge the Ordinance, and the *Edwards* court found that the plaintiffs had a reasonable opportunity to raise the alleged unconstitutionality of the Ordinance prior to filing their action in state court. *Id.* Thus, the court held, "[b]y choosing not to raise their constitutional concerns at the earliest opportunity, they have waived whatever constitutional claims they may have had." *Id.* (citation omitted).

Likewise, in the instant case, Plaintiffs had the opportunity to decline paying the fine and instead attend a municipal hearing, during which time they could challenge the constitutionality of the Ordinances. However, both Plaintiffs, and the putative class-members, paid the fine and did not challenge the Ordinances at their scheduled hearings. Therefore, the Court finds that

Plaintiffs waived their constitutional claims by failing to present them at the earliest possible moment. *Id.*; *see also Blair*, 2016 WL 3682922, at *6 ("By paying the fine and pleading guilty, Plaintiffs waived their right to allege any constitutional violations."). Because the Court finds that Plaintiffs' waived their constitutional claims, the Court need not address Defendant's other arguments pertaining to the alleged constitutional violations. Accordingly, Defendant St. Peters is entitled to judgment as a matter of law on Counts III and IV for alleged violations of Plaintiffs' constitutional rights under the Missouri Constitution.

## C. Declaratory Judgment

In Count I, Plaintiffs request declaratory judgment that the Ordinances are invalid and that the Defendants' conduct was unlawful. Defendant St. Peters argues that Plaintiffs' claim for declaratory judgment fails because they had an adequate remedy at law. In order to maintain an action for declaratory judgment, plaintiff must present:

> (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, "consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief;" (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law.

*Missouri Soybean Ass'n v. Missouri Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. 2003) (quoting *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 479 (Mo. App. 2001)). "A declaratory judgment 'should be used with caution and, except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists.'" *Edwards*, 426 S.W.3d at 656-57 (quoting *State ex rel. Freeway Media, L.L.C. v. City of Kansas City*, 14 S.W.3d 169, 173 (Mo. App. 2000)). Further, where a different and

specific statutory method of review is provided, the procedure for declaratory judgment may not be utilized. *Id.* at 657.

St. Peters maintains that Plaintiffs had an adequate remedy of law, namely raising their claims in the municipal court, such that declaratory relief is not warranted. However, Plaintiffs claim that because the Ordinances and St. Peters prohibit Plaintiffs and others in the putative class from asserting certain legal and factual defenses, no alternative remedy exists to redress their injuries and/or rights. Plaintiffs state that only Circuit Courts, not the municipal court, have the power to declare the rights affected by the Ordinances. (Compl. ¶¶ 160-161, ECF No. 4)

The Court finds that Plaintiffs had an adequate remedy at law to redress their claims. Plaintiffs were provided a date for a hearing before the municipal court. Other than conclusory allegations, Plaintiffs have provided no legal authority suggesting that they are precluded from attacking the constitutionality and validity of the Ordinances in the municipal court. *Smith v. City of St. Louis*, 409 S.W.3d 404, 414 (Mo. Ct. App. 2013). Indeed, in *Tupper v. City of St. Louis*, the Missouri Supreme Court noted that the municipal division has subject matter jurisdiction over challenges to the ordinance upon which the prosecution is based. 468 S.W.3d 360, 369 (Mo. 2015); *see also Schaefer v. Koster*, 342 S.W.3d 299, 300 (Mo. 2011) (finding municipal division proceedings provide an adequate legal remedy for constitutional challenges sufficient to preclude declaratory judgment). Here, Plaintiffs elected not to attend the scheduled hearing and present their claims regarding the invalidity of the Ordinances. Thus, the Court finds that Plaintiffs had an adequate remedy of law such that they are not entitled to declaratory judgment. Summary judgment in favor of Defendant St. Peters is therefore warranted with respect to Count I.

## D. Abuse of Process

Last, St. Peters claims that it is entitled to summary judgment on Plaintiffs' claim for abuse of process because Plaintiffs are unable to offer evidence that St. Peters made use of process for some collateral purpose. However, Plaintiffs claim that Defendants had no authority to pursue legal action against Plaintiffs when Defendants knew the Ordinances and/or the collection procedure was illegal.

"The elements of an abuse of process claim are: (1) the present defendant made an improper, illegal, perverted use of process, which use was neither warranted nor authorized by the process; (2) the defendant had an illegal purpose in doing so; and (3) damage resulted." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 116 (Mo. Ct. App. 2008) (citation omitted). "'It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process.'" *Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 939 (E.D. Mo. 2014) (quoting *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 862 (Mo. Ct. App. 2000), *abrogated on other grounds by Ellison v. Fry*, 437 S.W.3d 762, 769-72 (Mo. 2014)).

Here, Plaintiffs claim that "[i]f [the citations] written and sent by Redflex constituted legal process by seemingly emanating from the court and purporting to demand that recipients such as Plaintiffs and Class appear before the St. Peters Municipal Court (or pay it), then they were fraudulent." (Pls.'Mem. in Opp. pp. 13-14, ECF No. 67) The statement of uncontroverted facts belies Plaintiffs' claim, however. The record demonstrates that the City of St. Peters issued the Notice of Violation, not Defendant Redflex. (Def. St. Peters' Ex. E, ECF No. 59-5; Def.'s Ex. I, ECF No. 59-9) Plaintiffs do not dispute this. However, Plaintiffs contend that the Missouri Supreme Court clarified in *Roeder* that operating a red light camera program under an

ordinance that contravenes Missouri law is illegal. Contrary to Plaintiff's assertion, the *Roeder* court held that only the portion of the Ordinance assessing no points against a motorist's driver's license conflicted with state law and was thus invalid. *Roeder*, 466 S.W.3d at 547. The *Roeder* court then found the remainder of the Ordinance valid. *Id.* at 549. Nothing in the *Roeder* case addresses the propriety of the issuance of the citations, and, as stated above, Defendant St. Peters, not Redflex, issued the citations. Furthermore, Missouri courts have recognized "that a red light camera ordinance that reduces the dangerousness of intersections by targeting vehicles that violate traffic regulations is rationally and substantially related to the health, safety, peace, comfort, and general welfare of the pubic and is a valid exercise of a city's police power." *Edwards*, 426 S.W.3d at 659. The Court therefore finds that summary judgment in favor of Defendant St. Peters is warranted.

Based on the analysis set forth above, the Court holds that Defendant St. Peters is entitled to judgment as a matter of law on Count I for declaratory judgment; Count II for unjust enrichment; Counts III and IV for violations of the Missouri Constitution; Count VI for abuse of process; and Counts VIII and IX for money had and received. Thus, all of Plaintiffs' claims against Defendant St. Peters will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Peters' Motion for Summary Judgment (ECF No. 57) is **GRANTED**. A separate Judgment shall accompany this Memorandum and Order.

Dated this 24th day of October, 2016.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**