UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GINA THOMPSON and KAREN MCCABE, )
on behalf of themselves and others )
similarly situated, )
)
Plaintiffs, )
)
v. ) No. 4:15CV404 RLW
)
Redflex Traffic Systems, Inc., et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Redflex Traffic Systems, Inc.'s ("Redflex") Motion for Partial Judgment on the Pleadings (ECF No. 17), Supplemental Motion for Partial Judgment on the Pleadings (ECF No. 60), and Motion for Partial Summary Judgment (ECF No. 62). The motions are fully briefed and ready for disposition.

## I. Background

The Court stated the background of this case in its Memorandum and Order of October 24, 2016 granting the Defendant City of St. Peters' Motion for Summary Judgment. The Court incorporates by reference those facts as if set forth herein. (ECF No. 92) Specific to Redflex, Plaintiffs assert claims for Declaratory Judgment (Count I); Unjust Enrichment (Count V); Abuse of Process (Count VI); Damages for Violation of Mo. Rev. Stat. §§ 484.010, *et seq.* (Count VII); and Money Had and Received (Counts VIII and IX).

In 2006, Defendants Redflex and St. Peters worked together to implement and operate an automated program that enforced traffic regulations. (Compl. ¶ 31, ECF No. 4) St. Peters and Redflex entered into an Agreement on July 5, 2006 wherein Defendant Redflex would provide

certain equipment, processes, and back office services ("Redflex System") so that sworn police officers could monitor, identify, and enforce red light running violations.[1] (Def. Redflex's Mem. in Supp. of Mot. for Partial J. on the Pleadings Ex. A p. 1, ECF No. 18-1) Section 3 of the Agreement entitled "Services" provided for the construction, installation, and maintenance of the Redflex System. (Def. Redflex's Ex. A p. 7) In addition, the Agreement provided that all violations data would be stored on the Redflex System and processed into a format capable for review by an Authorized Officer, who would then determine whether a citation should be issued. (*Id.*) The Agreement specified that the decision to issue a citation was "the sole, unilateral and exclusive decision of the authorized officer." (*Id.*) Exhibit D to the Agreement provided that St. Peters would pay Redflex a certain fee per citation. (*Id.* at p. 27)

On June 8, 2006, the City of St. Peters adopted Ordinance No. 4536, entitled "Automated Enforcement of Traffic Control Signal Regulations." (Compl. ¶ 32; Def. Redflex's Ex. A, 2006 Ordinance, ECF. No. 61-1) On November 7, 2013, the City replaced the 2006 Ordinance and adopted Ordinance No. 6014 entitled "Automated Photo Enforcement of Traffic Regulations." (Compl. ¶ 53; Def. Redflex's Ex. B, 2013 Ordinance, ECF No. 61-2) These Ordinances governed the use of the Redflex System.

Plaintiffs assert in their Complaint that Defendant Redflex "plays an integral role in prosecuting violations, processing citations, and collecting fines." (Compl. ¶ 85a) Further, Plaintiffs maintain that Redflex encourages guilty pleas and payment of the fine, as well as provides a toll-free customer service line. (*Id.* at ¶¶ 85c, 86-87) In response to the Complaint,

---

[1] In the Complaint, Plaintiffs reference the Agreement, the Ordinances, and the Notices of Violation, which Defendant Redflex has attached to the Motion for Partial Judgment on the Pleadings and the Supplemental Motion for Partial Judgment on the Pleadings. (Def. Redflex's Ex. A, ECF No. 18-1; Exs. A-I, ECF Nos.61-1 through 61-7) The Court will consider these materials in addressing Defendant Redflex's motions. *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (citation omitted).

2

Defendant Redflex has filed a Motion for Partial Judgment on the Pleadings, a Supplemental Motion for Partial Judgment on the Pleadings, and a Motion for Partial Summary Judgment.

## II. Legal Standards

### A. Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Courts review motions for judgment on the pleadings under the same standard as motion to dismiss under Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (citation and internal quotation omitted). When deciding such a motion, the court accepts "all facts pled by the nonmoving party as true and draws all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted). A complaint must be dismissed if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The grant of a motion for judgment on the pleadings is "'appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law.'" *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (quoting *Ashley Cty, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009)).

"When considering a motion for judgment on the pleadings . . . , the court generally must ignore materials outside the pleadings . . . ." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). However, courts "may consider materials that necessarily are embraced by

the pleadings or that are part of the public record and do not contradict the complaint." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (citing *Porous Media*, 186 F.3d at 1079).

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995).

The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ .P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would

enable a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324.

### III. Discussion

Defendant Redflex argues in its Motions for Partial Judgment on the Pleadings that it is entitled to judgment on the pleadings in Counts V-IX. Specifically, Redflex claims that Plaintiffs are unable to state a claim for unauthorized practice of law or law business in Count VII because the terms of the Agreement between Redflex and St. Peters did not allow Redflex to issue any citations. Further, Redflex maintains that Plaintiffs' abuse of process claim in Count VI fails because Plaintiffs do not include specific factual allegations against Redflex; the citations were not issued by a court; and there are no allegations that the citations were issued to accomplish an end outside the regular function of issuing citations for traffic violations. In addition, Redflex contends that the Unjust Enrichment claim in Count V fails because the Plaintiffs did not confer a benefit on Redflex, as the Agreement allowed St. Peters to pay Redflex for its services. Redflex also contends that the Court should dismiss Plaintiffs' claims for money had and received in Counts VIII and IX because it is not inequitable for Redflex to retain money that St. Peters paid for Redflex's services under the Agreement. Defendant Redflex raises the government contractor defense and voluntary payment doctrine in its Supplemental Motion for Partial Judgment on the Pleadings.

In Defendant Redflex's Motion for Partial Summary Judgment, Redflex argues that the Court should grant summary judgment with regard to all of Plaintiffs' claims against Redflex that challenge the constitutionality of the red-light camera ordinance enacted by St. Peters in 2013, pursuant to the Supreme Court of Missouri's decision in *City of St. Peters v. Roeder*, 466 S.W. 3d 538 (Mo. 2015).

## A. Motions for Partial Judgment on the Pleadings

### 1. Unjust Enrichment and Money Had and Received

Plaintiffs' claims for unjust enrichment and money had and received are essentially the same such that the Court will address these claims, contained in Counts V, VIII, and IX, together.[2] Redflex asserts that these claims should be dismissed because Plaintiffs did not confer a benefit on Redflex and because Plaintiffs are unable to demonstrate that it would be inequitable for Redflex to retain monies that St. Peters paid Redflex for its services under the Agreement. Defendant Redflex also asserts that the voluntary payment doctrine precludes Plaintiffs from claiming unjust enrichment and money had and received. Plaintiffs, on the other hand, argue that Plaintiffs conferred a benefit on Redflex, despite the payment structure between Redflex and St. Peters, and it would be unjust and inequitable for Redflex to retain the monies collected from Plaintiffs. Further, they contend that Plaintiffs were mistaken about significant facts when paying the ticket fines.

"To establish the elements of an unjust enrichment claim, the plaintiff must prove that (1) [plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) (citations omitted). "[F]or a plaintiff to make a submissible case for money had and received, [plaintiff] must establish the following elements: (1) that the defendant received or obtained possession of the plaintiff's money; (2) that the defendant thereby appreciated a benefit; and (3) that the defendant's

---

[2] "Unjust enrichment and monies had and received constitute the same suit under Missouri law." *Cromeans v. Morgan Keegan & Co., Inc.*, 303 F.R.D. 543, 558 n.1 (W.D. Mo. 2014) (citing *Fulton Nat'l Bank v. Callaway Mem'l Hosp.*, 465 S.W.2d 549, 553 (Mo. 1971) (other citations omitted)); *see also Blair v. City of Hannibal*, __ F. Supp. 3d __, 2016 WL 1449532, at *5 (E.D. Mo. Apr. 13, 2016) ("In Missouri, claims for unjust enrichment and money had and received are essentially the same suit with few differences.").

acceptance and retention of the money was unjust." *Ward v. Luck*, 242 S.W.3d 473, 476 (Mo. Ct. App. 2008). In determining whether or not it would be unjust for an enriched party to retain the benefits, "the court uses equitable principles in considering various factors surrounding the relationship such as a change of position, hardship, unreasonable delay, unclean hands, bad faith and other equitable principles of defense." *Farmers New World Life Ins. Co. v. Jolley*, 747 S.W.2d 704, 705 (Mo. Ct. App. 1988). Merely receiving benefits is an insufficient basis for restitution if the court does not determine that defendant has been unjustly enriched. *Id.* at 706 (citations omitted).

Here, Defendant Redflex claims it is entitled to judgment on the pleadings because Plaintiffs are unable to establish that it would be inequitable for Redflex not to be paid for the services it provided to St. Peters pursuant to the Agreement. Additionally, in its supplemental motion, Redflex argues that the voluntary payment doctrine bars Plaintiffs' claims for unjust enrichment and money had and received. The Court finds that Plaintiffs cannot state a claim for unjust enrichment or for money had and received such that Defendant Redflex is entitled to judgment on the pleadings.

The voluntary payment doctrine is a recognized defense to an action for money had and received and for unjust enrichment. *Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 726 (Mo. 2009); *see also Howard*, 316 S.W.3d at 439 ("[A] voluntary payment, made under a mistake of law but not of fact, cannot be recovered in an unjust enrichment claim."). "Unless there is fraud or duress, the voluntary payment doctrine prohibits a person who voluntarily pays money with full knowledge of the facts from recovering the money." *Huch*, 290 S.W.3d at 726. A payor cannot recover the payment on the ground that payment was made under a mistake of law. *Blair*, 2016 WL 1449532 at *6 (citing *Ballard v. City of Creve Coeur*, 419 S.W.3d 109, 123 (Mo. Ct.

App. 2013)). "'A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of fact, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect.'" *Ballard*, 419 S.W.3d at 123 (quoting *Am. Motorists Ins. Co. v. Shrock*, 447 S.W.2d 809, 811 (Mo. Ct. App. 1969)). Further, "[t]he voluntary payment doctrine prevails even if there was no liability to pay in the first instance and the payor makes the payment under the false impression that the demand was legal." *Id.*

Here, Plaintiffs baldly claim, with no supporting facts, that Plaintiffs voluntarily made payment to St. Peters for the tickets without knowledge of the fact that "St. Peters was engaged in a profit-sharing scheme with Redflex where Redflex gained profits for each ticket issued." (Pls.' Mem. in Opp. to Def. Redflex's Suppl. Mot. for J. on the Pleadings p. 7, ECF No. 69) Plaintiffs fail to distinguish the facts of this case from the authority relied upon by Redflex. In *Ballard v. City of Creve Coeur*, the plaintiff sought restitution of the fine she paid by claiming unjust enrichment against both the City of Creve Coeur and American Traffic Solutions, Inc. ("ATS"),the red light camera company. 419 S.W.3d at 122. Plaintiff alleged that she paid the fine under the mistaken belief that the Ordinance was valid. *Id.* at 123. The Missouri Court of Appeals held that the voluntary payment doctrine denied Plaintiff restitution of the fine she paid because:

> [t]he Notice of Violation informed [plaintiff] of factual allegations underlying the violation as well as her options: pay the fine, plead a recognized exception, or do not pay the fine and receive a court date. [Plaintiff] chose the first option and paid the fine. [Plaintiff] cannot now seek recovery of the fine she voluntarily paid—not because she lacked knowledge of the facts relating to the alleged violation, but because of her mistaken belief that the Ordinance was valid.

*Id.* at 124.

In the present case, while Plaintiffs claim that they were unaware of the fact that Redflex took a cut of each payment for citations, they are essentially arguing that the Ordinances are

8

invalid. In their Complaint, Plaintiffs assert that "St. Peters and Redflex . . . created and used the unlawful and void ordinances for the purpose of extracting monies from Plaintiffs and Class." (Compl. ¶ 132, ECF No. 4) The Complaint further claims that Redflex was unjustly enriched by retaining monies pursuant to void and unlawful Ordinances. (*Id.* at ¶¶ 224-228) Similar to *Ballard*, the Notices of Violation provided information regarding the factual allegations underlying the violation, which was failure to obey a traffic control signal. (Def. Redflex's Mem. in Supp. of Suppl. Mot. for J. on the Pleadings Exs. E-I, ECF Nos. 61-3 through 61-7) Additionally, the notices gave them the options of paying the fine, completing an Affidavit of Non-Responsibility, or appearing in court on the scheduled court date provided on the notice. (*Id.*) Here, the Plaintiffs voluntarily chose to pay the fine. Further, like the plaintiff in *Ballard*, these Plaintiffs do not seek recovery because they lacked knowledge of the facts related to the violation but because they believed the Ordinances were valid. (Compl. ¶ 130, ECF No. 4) This is a mistake of law claim, not one of mistaken fact. *Ballard*, 419 S.W.3d at 123. Therefore, The Court finds that the voluntary payment doctrine bars Plaintiffs' claims for unjust enrichment and money had and received.[3] *See Blair*, 2016 WL 1449532, at *7. Thus Defendant Redflex is entitled to judgment on the pleadings on Counts V, VIII, and IX.[4]

---

[3] The Court also rejects Plaintiffs claim that they paid the fines under duress or fraud due to threat of arrest/imprisonment. (Compl. ¶ 123) While recovery of payments made under duress is not barred by the voluntary payment doctrine, "Missouri courts do not recognize the threat of legitimate legal process as duress because the party threatened is entitled to plead and prove that he is not liable." *Unverferth*, 419 S.W.3d at 107. Further, nothing in the Notices indicates that Plaintiffs would be imprisoned for not paying the fine or appearing in court. *Edwards*, 426 S.W.3d at 667; *but see Damon v. City of Kansas City*, 419 S.W.3d 162, (finding the voluntary payment doctrine did not apply where defendant threatened to take further legal action including arrest/imprisonment).

[4] Because the Court finds that the voluntary payment doctrine set forth in the Supplemental Motion for Partial Judgment on the Pleadings applies to Plaintiffs' claims for unjust enrichment and money had and received, the Court will not address the other grounds for judgment on the pleadings set forth in Defendant Redflex's original motion.

## 2. Abuse of Process

Next, Defendant Redflex claims that it is entitled to judgment on the pleadings on Plaintiffs' claim for abuse of process because Plaintiffs do not include specific factual allegations related to Redflex's alleged conduct, and Plaintiffs do not allege that Redflex made use of process for some collateral purpose. However, Plaintiffs claim that Defendants had no authority to pursue legal action against Plaintiffs when Defendants knew the Ordinances and/or the collection procedure was illegal.

"The elements of an abuse of process claim are: (1) the present defendant made an improper, illegal, perverted use of process, which use was neither warranted nor authorized by the process; (2) the defendant had an illegal purpose in doing so; and (3) damage resulted." *Crow v. Crawford & Co.*, 259 S.W.3d 104, 116 (Mo. Ct. App. 2008) (citation omitted). "'It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process.'" *Simms v. Nationstar Mortg., LLC*, 44 F. Supp. 3d 927, 939 (E.D. Mo. 2014) (quoting *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 862 (Mo. Ct. App. 2000), *abrogated on other grounds by Ellison v. Fry*, 437 S.W.3d 762, 769-72 (Mo. 2014)).

Here, Plaintiffs claim that "[i]f [the citations] written and sent by Redflex constituted legal process by seemingly emanating from the court and purporting to demand that recipients such as Plaintiffs and Class appear before the St. Peters Municipal Court (or pay it), then they were fraudulent." (Pls.'Mem. in Opp. p. 9, ECF No. 40) The Complaint and documents necessarily embraced by the pleadings belie Plaintiffs' claim, however. The record demonstrates that the City of St. Peters issued the Notices of Violation, not Defendant Redflex. (Def. Redflex's Exs. E-I, ECF Nos. 61-3 through 61-7) Plaintiffs do not dispute this. However,

Plaintiffs contend that the Supreme Court of Missouri clarified in *Roeder* that operating a red light camera program under an ordinance that contravenes Missouri law is illegal. Contrary to Plaintiff's assertion, the *Roeder* court held that only the portion of the Ordinance assessing no points against a motorist's driver's license conflicted with state law and was thus invalid. *Roeder*, 466 S.W.3d at 547. The *Roeder* court then found the remainder of the Ordinance valid. *Id.* at 549. Nothing in the *Roeder* case addresses the propriety of the issuance of the citations, and, as stated above, Redflex did not issue the citations.

      Furthermore, Missouri courts have recognized "that a red light camera ordinance that reduces the dangerousness of intersections by targeting vehicles that violate traffic regulations is rationally and substantially related to the health, safety, peace, comfort, and general welfare of the pubic and is a valid exercise of a city's police power." *Edwards*, 426 S.W.3d at 659. Although Plaintiffs argue that issuing citations for the purpose of generating revenue is improper, "'[a]buse of process is not appropriate where the action is confined to its regular function even if the [party] had an ulterior motive in bringing the action, or if the [party] knowingly brought the suit upon an unfounded claim.'" *Howard v. Youngman*, 81 S.W.3d 101, 118-19 (Mo. Ct. App. 2002) (quoting *Misischia*, 30 S.W.3d at 862). Here, Plaintiffs merely set forth conclusory allegations that Defendant Redflex abused process. However, they fail to include any facts in the Complaint supporting these claims. Thus, the Court finds that dismissal is appropriate. *See Blair*, 2016 WL 1449532 at *7 (finding that plaintiffs failed to allege facts to support their allegations of improper or illegal purpose or to support the assertion that Redflex sent the citations).

### 3. Unauthorized Practice of Law

In Count VII, Plaintiffs claim that Defendant Redflex engaged in the unauthorized practice of law or law business in violation of Mo. Rev. Stat. § 484.010. The statute defines the practice of law to be "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending . . . before any court of record . . . ." Mo. Rev. Stat. § 484.010.1. Missouri defines "law business" as "the advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights . . . ." Mo. Rev. Stat. § 484.010.2.

Plaintiffs claim that Defendant Redflex "plays an integral role in prosecuting violations, processing citations, and collecting fines." (Compl. ¶ 242, ECF No. 4) Plaintiffs further allege that the Notices of Violation instruct the accused to call Redflex customer service with any questions, then advises the accused to play the fine, thus constituting the unauthorized practice of law. (*Id.* at ¶ 242-43) Finally, Plaintiffs assert that Redflex or its paid employees acted as law enforcement officers in making the initial determination that a violation of the Ordinance had occurred; acted as prosecutors in filing the charges; and acted as the judge in considering and ruling on affidavits from owners stating they were not the drivers, and in accepting guilty pleas and receiving payment of the fines. (*Id.* at ¶ 244)

Other than conclusory allegations, nothing in the pleadings constitutes sufficient facts to support a claim for unauthorized practice of law or law business. The practice of law under Missouri statute involves "(1) appearing as an advocate in a representative capacity, (2) drawing of papers, pleadings or documents, or (3) performing of any act in such capacity in connection

with proceedings pending or prospective before a court or other body having authority to settle controversies." *Blair*, 2016 WL 1449532, at *9. The Complaint contains no allegations that Redflex appeared as a legal representative or performed any action in connection with proceedings before a court. With respect to drawing of documents, to the extent Plaintiffs are referring to the issuance of notices, Defendant Redflex performed this on behalf of St. Peters, not on the Plaintiffs' behalf.

Further, "law business" requires the recipient of the services to pay a fee. *Binkley v. Am. Equity Mortg., Inc.*, 447 S.W.3d 194, 198 (Mo. 2014). In *Binkley*, the Supreme Court of Missouri concluded that a claim for improperly engaging in law business required proof that the defendant charged the plaintiff for preparing documents. Here, Plaintiffs can make no such showing, as the Agreement and payment were between the Defendants, not between Redflex and Plaintiffs. Plaintiffs have failed to connect the payment of a fine with the alleged legal work that Redflex performed. Thus, the Plaintiffs have failed to state sufficient facts to show that their claim of improperly engaging in law business is plausible on its face. *See Schreiner v. Quicken Loans, Inc.*, 774 F.3d 442, 445 (8th Cir. 2014) (affirming dismissal of improper engagement in law business because defendant did not charge plaintiff for preparation of a deed of trust). The Court finds that Defendant Redflex is entitled to judgment on the pleadings as to Plaintiffs' claim that Redflex engaged in the unauthorized practice of law or law business in violation of Mo. Rev. Stat. § 484.010.

### 4. Government Contractor Defense

In its Supplemental Motion for Partial Judgment on the Pleadings, Defendant Redflex claims that all of Plaintiffs' claims are barred by the government contractor defense because Defendant St. Peters is entitled to sovereign immunity; Redflex performed its obligations under

the Agreement in a non-negligent manner; and Plaintiffs fail to allege a willful tort. In response, Plaintiffs contend that Defendant City of St. Peters is not entitled to sovereign immunity; that Redflex performed its obligations under the Agreement in a negligent manner; and Plaintiffs have properly alleged a willful tort.

Under the government contractor defense, "a private party who enters into a contract for performance of public works with a public entity shares the immunity of the public entity if the private party is not guilty of negligence." *Blair*, 2016 WL 1449532, at *2 (citation omitted). Further, when a private party engages in a willful tort, the government contractor defense is not available. *Id.* In the Memorandum and Order of October 24, 2016, this Court found that St. Peters was entitled to summary judgment because the claims for money damages were barred by the doctrine of sovereign immunity. (ECF No. 92 pp. 5-8) Therefore, the Court finds that Defendant Redflex has met the first prong of the government contractor defense. The Court also finds that Plaintiffs' Complaint is void of any allegations that Defendant performed its duties negligently.

However, with regard to whether Plaintiffs have set forth sufficient facts regarding the willful tort requirement, the Court agrees with the decision in *Blair* that Plaintiffs have alleged that the harm was intended by Redflex leaving open the possibility of a willful tort. *Blair*, 2016 WL 1449532, at *4. As in *Blair*, Plaintiffs claim that Defendants engaged in an "underhanded practice of bilking Missourians under the guise of a public safety program" and that Defendant Redflex knew or had reason to know that the Ordinance was "void, invalid, and/or unconstitutional," as well as knew that "collecting fines under the Ordinance was illegal and inequitable." (Compl. ¶¶ 20, 220-221) Thus, the Court finds that judgment on the pleadings based on the government contractor defense is inappropriate at this stage. *Blair*,

14

2016WL1449532, at *4. However, for the reasons stated above, Counts V through IX against Defendant Redflex will be dismissed on other grounds.

### B. Motion for Partial Summary Judgment

In its Motion for Partial Summary Judgment, Defendant Redflex contends that the Court should grant summary judgment in its favor on Plaintiffs' constitutional challenges to the red light camera ordinance enacted by St. Peters in 2013 based on the decision of the Supreme Court of Missouri in *City of St. Peters v. Roeder*, 466 S.W. 3d 538 (Mo. 2015). The only remaining Count directed toward Redflex is Count I for Declaratory Judgment, which seeks a declaration that, *inter alia*, the Ordinances violate the United States Constitution and the Missouri Constitution. In response, Plaintiffs reassert their arguments set forth in their response in opposition to Redflex's Motion for Partial Judgment on the Pleadings and, with regard to Redflex, maintain that Redflex's statements on the Notices of Violation violate due process.

Upon thorough review of Redflex's motion and memoranda in support, Plaintiffs' response, and the decision of the Supreme Court of Missouri in *Roeder*, the Court finds that Defendant Redflex is not entitled to partial summary judgment. Contrary to Redflex's position, the Supreme Court of Missouri did not find the 2013 Ordinance valid. The *Roeder* court addressed only the 2006 Ordinance, severing the portion of the Ordinance stating no points would be assessed against a violator's driving record and finding the remainder of the 2006 Ordinance valid. *Roeder*, 466 S.W.3d at 549. However, the 2013 Ordinance and its validity, which contains differences from the valid portion of the 2006 Ordinance, were not before the Supreme Court of Missouri.[5] Therefore, this Court finds that Defendant Redflex's motion for

---

[5] Two Supreme Court of Missouri judges would have held the 2006 Ordinance invalid. Judge George W. Draper, III, filed a spirited dissent stating he would hold ordinance 4536 void,

judgment as a matter of law is premised on the faulty argument that the *Roeder* court "specifically analyzed the 2013 Ordinance and addressed the very issues of which Plaintiffs now complain." (Def. Redflex's Reply Mem. in Supp. of Mot. for Summ. J. p. 4, ECF No. 72) Thus, the Court denies Defendant Redflex's Motion for Partial Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Redflex Traffic System, Inc.'s Motion for Partial Judgment on the Pleadings (ECF No. 17) is **GRANTED** as to Counts VI and VII.

**IT IS FURTHER ORDERED** that Defendant Redflex Traffic System, Inc.'s Supplemental Motion for Partial Judgment on the Pleadings (ECF No. 60) is **GRANTED** as to Counts V, VIII and IX, and is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Redflex Traffic System, Inc.'s Motion for Partial Summary Judgment (ECF. No. 62) is **DENIED.**

**IT IS FURTHER ORDERED** that Counts V, VI, VII, VIII, and IX of Plaintiffs' Class Action Complaint (ECF No. 4) are **DISMISSED** with prejudice as to Defendant Redflex Traffic Systems, Inc.

Dated this 1st day of November, 2016.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

and Judge Laura Denvir Stith concurred with the dissenting opinion of Judge Draper. *Roeder*, 466 S.W.3d at 550-56.