UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA THOMPSON and KAREN MCCABE, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> REDFLEX TRAFFIC SYSTEMS, INC., et al., <br><br> Defendants. | No. 4:15CV404 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Redflex Traffic Systems, Inc.'s ("Redflex") Motion to Dismiss Count I of Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction (ECF No. 97). Plaintiffs have not filed a response to the motion, and the time for doing so has expired. For the reasons set forth below, the Court will grant Redflex's Motion to Dismiss.

## Background

This case stems from Ordinances enacted in St. Peters, Missouri, allowing the automated enforcement of traffic regulations by using cameras at red lights to photograph traffic violations. The Court previously set forth the background and underlying facts of this case in its Memorandum and Order of October 24, 2016 and Memorandum and Order of November 1, 2016, and the Court incorporates by reference those facts as if set forth herein. (ECF Nos. 92, 94) On October 24, 2016, the Court granted Defendant City of St. Peters' Motion for Summary Judgment and dismissed Counts I, II, III, IV, VI, VIII, and IX of Plaintiff's Class Action Complaint with prejudice. (ECF Nos. 92, 93) Likewise, on November 1, 2016, the Court granted Defendant Redflex's Motion for Partial Judgment on the Pleadings and Supplemental Motion for Partial Judgment on the Pleadings and dismissed counts V, VI, VII, VIII, and IX with

prejudice. (ECF No. 94) Thus, the only remaining claim is Count I for declaratory judgment against Redflex. On February 13, 2017, Redflex filed the present Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

## Discussion

Redflex contends that it no longer has an active role in the Red Light Camera Program such that the sole remaining claim for declaratory relief is now moot. Plaintiffs have not filed a response in opposition to Redflex's motion to dismiss.

"Mootness is akin to the doctrine of standing because the 'requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Phelps-Roper v. City of Manchester, Mo.*, 697 F.3d 678, 687 (8th Cir. 2012) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)). In a case for declaratory judgment, the question "is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (internal quotations and citation omitted). "When a law has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot unless the problems are 'capable of repetition yet evad[ing] review.'" *Phelps-Roper*, 697 F.3d at 687 (quoting *McCarthy*, 359 F.3d at 1036). "The doctrine that federal courts may not decide moot cases 'derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Comfort Lake Ass'n, Inc. v. Dresel Contracting, Inc.*, 138 F.3d 351, 354 (8th Cir. 1998) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3 (1964)).

Here, Plaintiffs seek declaratory judgment pertaining to Ordinances which implemented the Photo Red Light Enforcement Program in St. Peters. Redflex avers that the contract between

2

Redflex and St. Peters was terminated by a new Ordinance and a termination agreement executed nearly two years ago.¹ (Def.'s Ex. A, ECF No. 98-1) Indeed, Ordinance 6342 essentially repealed the prior Ordinances and ended the Red Light Program. (*Id.*) There is no indication that the Red Light Program will be reenacted such that Plaintiffs can demonstrate a substantial controversy of sufficient immediacy to warrant declaratory relief. "If there is no such immediate controversy, a claim for declaratory relief is moot and must be dismissed." *Whitehead v. City of St. Louis*, No. 4:09CV483 CDP, 2009 WL 4430699, at *3 (E.D. Mo. Nov. 24, 2009). Thus, the Court will dismiss Plaintiffs' claims against Redflex for declaratory judgment in Count I as moot. *See Traditionalist Am. Knights of the Ku Klux Klan v. City of Desloge, Mo.*, No. 4:13-CV-810 NAB, 2016 WL 705128, at *2 (E.D. Mo. Feb. 23, 2016) (finding that challenges to a repealed ordinance were moot); *Comfort Lake*, 138 F.3d at 354 ("A claim for injunctive relief may become moot if challenged conduct permanently ceases.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Redflex Traffic Systems, Inc.'s Motion to Dismiss Count I of Plaintiff's Complaint for Lack of Subject-Matter Jurisdiction (ECF No. 97) is **GRANTED**. A separate Judgment shall accompany this Memorandum and Order.

Dated this 21st day of April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

¹ Redflex's Exhibit A contains the Ordinance and the Termination Agreement between St. Peters and Redflex, which are part of the public record. Thus, the Court will consider the exhibit. *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (citation omitted); *Blair v. City of Hannibal*, No. 2:15CV00061 ERW, 2016 WL 7242156, at *1 n. 1 (E.D. Mo. Dec. 15, 2016).